# United States District Court

FILED

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
## CRIMINAL DIVISION
### VENUE: SAN FRANCISCO

05 APR -7 PM 12: 29

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

**CR 05 00208**

v.

VIDEO NETWORK COMMUNICATIONS,
INC., HOWE ELECTRIC, INC., SEMA4,
INC., DIGITIAL CONNECT
COMMUNICATIONS, INC., EXPEDITION
NETWORKS, LTD., ADJ CONSULTANTS,
INC., JUDY GREEN, ALLAN GREEN,
GEORGE MARCHELOS, STEVEN
NEWTON, and EARL NELSON

DEFENDANT.

# INDICTMENT

A true bill.

*Joan Coleman*

Foreman

Filed in open court this ___7th___ day of

__APRIL    2005__.

Clerk

Bail, $ _SUMMONS TO ISSUE FOR ALL_
_DC to APPEAR_
_5-5-05 EXCEPT_
_VIDEO NETWORKS_
_COR. TO BE ARRANGED_

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

| OFFENSE CHARGED | |
|---|---|
| 15 U.S.C. § 1 and 18 U.S.C. § 2- Collusion and Aiding and Abetting; 18 U.S.C. §§ 1343 and 2- Wire Fraud and Aiding and Abetting | ☐ Petty<br>☐ Minor<br>☐ Misde-<br>meanor<br>☒ Felony |

PENALTY:

See attached.

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

2005 APR -7 PM 12: 28

WHA
E-filing

**DEFENDANT - U.S.**

▶ Video Network Communications, Inc.

DISTRICT COURT NUMBER

CR 05 00208

---

## PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

  ☐ U.S. Att'y  ☐ Defense
  } SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
  } MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM        KEVIN V. RYAN

☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)        Jeff Bornstein

---

## DEFENDANT

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
  } ☐ Fed'l  ☐ State

  If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
  } If "Yes" give date filed

**DATE OF ARREST**  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**  Month/Day/Year

☐ This report amends AO 257 previously submitted

---

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☒ Initial Appearance
Defendant Address:
C/O David M. Fournier, Esq.
Hercules Plaza, Suite 5100
1313 N. Market Street- P.O. Box 1709

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

AQ 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

---

### OFFENSE CHARGED

15 U.S.C. § 1 and 18 U.S.C. § 2- Collusion and Aiding and Abetting; 18 U.S.C. §§ 1343 and 2- Wire Fraud and Aiding and Abetting

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:

See attached.

---

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

*FILED*
*AR -7 PM 12: 20*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NO. DIST. OF CALIFORNIA*

*WHA*

### DEFENDANT - U.S.

▶ Howe Electric, Inc.

DISTRICT COURT NUMBER

CR  05  00208

*E-filing*

---

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM

KEVIN V. RYAN

☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)

Jeff Bornstein

---

### DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges  ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   If "Yes" give date filed

Month/Day/Year

**DATE OF ARREST** ▶

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☒ Initial Appearance

Defendant Address:
C/O Michael Molfetta, Esq.
5140 Birch Street, Suite 300
Newport Beach, CA 92660

Comments:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

# ATTACHMENT

## HOWE ELECTRIC, INC.



**Counts 1 and 10:  18 U.S.C. §§ 1343 and 2 – Wire Fraud and Aiding and Abetting**

Maximum Penalties (Each Count):



a.   5 years probation
b.   $500,000 fine or two times the loss, whichever is greater
c.   $400 special assessment
d.   Restitution

CR 05 00208

WHA

E-filing

**Counts 12 and 20: 15 U.S.C. § 1 and 18 U.S.C. § 2 – Collusion and Aiding and Abetting**

Maximum Penalties (Each Count):

a.   5 years probation
b.   $10 million fine or two times the loss, whichever is greater
c.   $400 special assessment
d.   Restitution

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

## OFFENSE CHARGED

18 U.S.C. §§ 1343 and 2- Wire Fraud and Aiding and Abetting

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:

See attached.

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

US APR - 7 PH 12: 28 FILED

RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

WHA

**DEFENDANT - U.S.**

▶ SEMA4, Inc.

DISTRICT COURT NUMBER

CR 05 00208

## PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM

KEVIN V. RYAN

☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)

Jeff Bornstein

## DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

E-filing

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

**DATE OF ARREST** ▶
Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶
Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☒ Initial Appearance

Defendant Address:
C/O Michale W. Fitzgerald
601 West Fifth Street, Suite 1150
Los Angeles, CA 90071-2024

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

ATTACHMENT

<u>SEMA4, INC.</u>



Count 11: 18 U.S.C. §§ 1343 and 2 – Wire Fraud and Aiding and Abetting

Maximum Penalties:
a.     5 years probation
b.     $500,000 fine or two times the loss, whichever is greater
c.     $400 special assessment
d.     Restitution



AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED

05 APR -7 PM 12: 28

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## OFFENSE CHARGED

15 U.S.C. § 1 and 18 U.S.C. § 2- Collusion and Aiding and Abetting; 18 U.S.C.§ 371- Conspiracy

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

**DEFENDANT - U.S.**
▶ Digital Connect

**DISTRICT COURT NUMBER**
CR   05   00208 WHA

PENALTY:
See attached.

### DEFENDANT

**IS _NOT_ IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges   } ☐ Fed'l   ☐ State
If answer to (6) is "Yes", show name of institution

## PROCEEDING

**Name of Complainant Agency, or Person (&Title, if any)**

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   } **SHOW DOCKET NO.**
☐ U.S. Att'y   ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶   } **MAGISTRATE CASE NO.**

Has detainer been filed?   ☐ Yes   } If "Yes" give date filed
☐ No

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

Name and Office of Person Furnishing Information on THIS FORM   KEVIN V. RYAN
☒ U.S. Att'y   ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   Jeff Bornstein

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☒ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
C/O Michael W. Fitzgerald
601 West Fifth Street, Suite 1150
Los Angeles. CA 90071-2024

Date/Time: _____

Before Judge: _____

Comments:

ATTACHMENT

DIGITAL CONNECT

FILED
05 APR -7 PM 12: 28
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Count 21: 15 U.S.C. § 1 and 18 U.S.C. § 2 – Collusion and Aiding and Abetting

Maximum Penalties:
a.    5 years probation
b.    $10 million fine or two times the loss, whichever is greater
c.    $400 special assessment
d.    Restitution



**CR 05 00208**

Count 22: 18 U.S.C. § 371 – Conspiracy

Maximum Penalties (Each Count):
a.    5 years probation
b.    $500,000 fine or two times the loss, whichever is greater
c.    $400 special assessment
d.    Restitution

E-filing

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

## OFFENSE CHARGED

15 U.S.C. § 1 and 18 U.S.C. § 2- Collusion and Aiding and Abetting; 18 U.S.C. § 371- Conspiracy

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
See attached.

**DEFENDANT - U.S.**

▶ Expedition Networks

DISTRICT COURT NUMBER

CR  05  00208

*FILED*

## PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person Furnishing Information on THIS FORM  KEVIN V. RYAN

☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  Jeff Bornstein

## DEFENDANT

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State
  If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

**DATE OF ARREST** ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☒ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
C/O Richard Favara, President
8600 Aqueduct Avenue
North Hills, CA 91343

Date/Time: _____

Before Judge: _____

Comments:

ATTACHMENT



<u>EXPEDITION NETWORKS</u>

Count 21: 15 U.S.C. § 1 and 18 U.S.C. § 2 – Collusion and Aiding and Abetting

Maximum Penalties

a.    5 years probation
b.    $10 million fine or two times the loss, whichever is greater
c.    $400 special assessment
d.    Restitution



Count 22: 18 U.S.C. § 371 – Conspiracy

Maximum Penalties:

a.    5 years probation
b.    $500,000 fine or two times the loss, whichever is greater
c.    $400 special assessment
d.    Restitution

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

## OFFENSE CHARGED

15 U.S.C. § 1 and 18 U.S.C. § 2- Collusion and Aiding and Abetting; 18 U.S.C. §§ 1343 and 2- Wire Fraud and Aiding and Abetting; 18 U.S.C.§ 371- Conspiracy

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:

See attached.

**DEFENDANT - U.S.**

▶ ADJ CONSULTANTS, INC.

DISTRICT COURT NUMBER

CR 05 0208

FILED
05 APR -7 PM 12:28
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

## PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:     SHOW DOCKET NO.
   ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under     MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM     KEVIN V. RYAN

☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)     Jeff Bornstein

## DEFENDANT

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges     } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes   If "Yes" give date filed
                          ☐ No

DATE OF ARREST ▶ _____ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ _____ Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT     Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☒ Initial Appearance     *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate scheduled arraignment

Defendant Address:
C/O Gary S. Lincenberg, Esq.
1875 Century Park East, Suite 2300
Los Angeles, CA 90067

Date/Time: _____

Before Judge: _____

Comments:

ATTACHMENT 5



ADJ CONSULTANTS, INC.

Counts 1, 2, and 11:  18 U.S.C. §§ 1343 and 2 – Wire Fraud and Aiding and Abetting; Count 22: 18 U.S.C. § 371 – Conspiracy

Maximum Penalties (Each Count):
a.     5 years probation
b.     $500,000 fine or two times the loss, whichever is greater
c.     $400 special assessment
d.     Restitution

Counts 12, 13, and 21: 15 U.S.C. § 1 and 18 U.S.C. § 2 – Collusion and Aiding and Abetting

Maximum Penalties (Each Count):
a.     5 years probation
b.     $10 million fine or two times the loss, whichever is greater
c.     $400 special assessment
d.     Restitution

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

## OFFENSE CHARGED

15 U.S.C. § 1 and 18 U.S.C. § 2- Collusion and Aiding and Abetting; 18 U.S.C. §§ 1343 and 2- Wire Fraud and Aiding and Abetting; 18 U.S.C.§ 371- Conspiracy

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:

See attached.

**CR**

*FILED*
*05 APR -7 PM 12: 28*
*RICHARD W. WIEKING*
*CLERK U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

─── DEFENDANT - U.S. ───

▶ Judy Green

DISTRICT COURT NUMBER

05   002

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges   } ☐ Fed'l   ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No

If "Yes" give date filed   Month/Day/Year

**DATE OF ARREST** ▶

Or... if Arresting Agency & Warrant were not

Month/Day/Year

**DATE TRANSFERRED TO U.S. CUSTODY** ▶

## PROCEEDING

**Name of Complainant Agency, or Person (&Title, if any)**

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y   ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

**Name and Office of Person Furnishing Information on THIS FORM**   KEVIN V. RYAN

☒ U.S. Att'y   ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y (if assigned)**   Jeff Bornstein

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment   ☒ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
C/O Gary S. LIncenberg, Esq.
1875 Century Park East, Suite 2300
Los Angeles. CA 90067

Date/Time:

Before Judge:

Comments:

ATTACHMENT

<u>JUDY GREEN</u>




Counts 1-11:  18 U.S.C. §§ 1343 and 2 – Wire Fraud and Aiding and Abetting;
Count 22:  18 U.S.C. § 371 – Conspiracy

Maximum Penalties (Each Count):
a.   5 years imprisonment
b.   $250,000 fine or two times the loss, whichever is greater
c.   2-3 years supervised release
d.   $100 special assessment
e.   Restitution


Counts 12-21:  15 U.S.C. § 1 and 18 U.S.C. § 2 – Collusion and Aiding and Abetting

Maximum Penalties (Each Count):
a.   3 years imprisonment
b.   1 year supervised release
c.   $350,000 fine or two times the loss, whichever is greater
d.   $100 special assessment
e.   Restitution

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

---

**OFFENSE CHARGED**

15 U.S.C. § 1 and 18 U.S.C. § 2- Collusion and Aiding and Abetting; 18 U.S.C.§ 371- Conspiracy

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:

See attached.

---

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

FILED

APR -7 PM 12: 28

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WHA

**DEFENDANT - U.S.**

▶ Allan Green

**DISTRICT COURT NUMBER**

CR 05 00208

---

**PROCEEDING**

Name of Complainant Agency, or Person (&Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM

KEVIN V. RYAN

☒ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)

Jeff Bornstein

---

**DEFENDANT**

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
} ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No

If "Yes" give date filed

Month/Day/Year

**DATE OF ARREST** ▶

Or... if Arresting Agency & Warrant were not

Month/Day/Year

**DATE TRANSFERRED TO U.S. CUSTODY** ▶

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:

☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT Bail Amount:

If Summons, complete following:

☐ Arraignment ☒ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

C/O Gary S. Lincenberg, Esq.
1875 Century Park East, Suite 2300
Los Angeles, CA 90067

Date/Time:

Before Judge:

Comments:

ATTACHMENT

<u>ALLAN GREEN</u>



**Count 21:** 15 U.S.C. § 1 and 18 U.S.C. § 2 – Collusion and Aiding and Abetting

Maximum Penalties:
a.   3 years imprisonment
b.   $350,000 fine or two times the loss, whichever is greater
c.   1 year supervised release
d.   $100 special assessment
e.   Restitution

**Count 22:** 18 U.S.C. § 371 – Conspiracy to Defraud

Maximum Penalties:
a.   5 years imprisonment
b.   $250,000 fine or two times the loss, whichever is greater
c.   2-3 years supervised release
d.   $100 special assessment
e.   Restitution

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

---

### OFFENSE CHARGED

15 U.S.C. § 1 and 18 U.S.C. § 2- Collusion and Aiding and Abetting; 18 U.S.C. §§ 1343 and 2- Wire Fraud and Aiding and Abetting; 18 U.S.C.§ 371- Conspiracy

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:

See attached.

---

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM   KEVIN V. RYAN

☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   Jeff Bornstein

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

☐ FILED
APR -7 PH 12: 28
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### DEFENDANT - U.S.

George Marchelos

DISTRICT COURT NUMBER

CR 05 00208

---

### DEFENDANT

IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges   } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   If "Yes" give date filed
☐ No

Month/Day/Year

DATE OF ARREST ▶

Or... if Arresting Agency & Warrant were not

Month/Day/Year

DATE TRANSFERRED TO U.S. CUSTODY ▶

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☒ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
C/O Geoffrey Hansen, Esq.
450 Golden Gate Avenue, 19th Floor
San Francisco, CA 94102

Date/Time:

Before Judge:

Comments:

ATTACHMENT

GEORGE MARCHELOS



Counts 1-11:  18 U.S.C. §§ 1343 and 2 – Wire Fraud and Aiding and Abetting;
Count 22:   18 U.S.C. § 371 Conspiracy

Maximum Penalties (Each Count):
a.     5 years imprisonment
b.     $250,000 fine or two times the loss, whichever is greater
c.     2-3 years supervised release
d.     $100 special assessment
e.     Restitution



Counts 12-20:  15 U.S.C. § 1 and 18 U.S.C. § 2 – Collusion and Aiding and Abetting

Maximum Penalties (Each Count):
a.     3 years imprisonment
b.     1 year supervised release
c.     $350,000 fine or two times the loss, whichever is greater
d.     $100 special assessment
e.     Restitution

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED
2005 APR -7 PM 12: 28
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CA.

---

### OFFENSE CHARGED

15 U.S.C. § 1 and 18 U.S.C. § 2- Collusion and Aiding and Abetting; 18 U.S.C. §§ 1343 and 2- Wire Fraud and Aiding and Abetting; 18 U.S.C.§ 371- Conspiracy

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:

See attached.

---

### DEFENDANT - U.S.

▶ Steven Newton

CR 05 00208

DISTRICT COURT NUMBER

WHA

---

### PROCEEDING

**Name of Complainant Agency, or Person (&Title, if any)**

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

**Name and Office of Person Furnishing Information on THIS FORM**   KEVIN V. RYAN

☒ U.S. Att'y ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y (if assigned)**   Jeff Bornstein

---

### DEFENDANT

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

} ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No   If "Yes" give date filed   Month/Day/Year

**DATE OF ARREST** ▶

Or... if Arresting Agency & Warrant were not   Month/Day/Year

**DATE TRANSFERRED TO U.S. CUSTODY** ▶

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☒ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
C/O Michael W. Fitzgerald
601 West Fifth Street, Suite 1150
Los Angeles, CA 90071-2024

Date/Time:

Before Judge:

Comments:

# ATTACHMENT

## STEVEN NEWTON

Counts 1, 2, and 11:  18 U.S.C. §§ 1343 and 2 – Wire Fraud and Aiding and Abetting;
Count 22:  18 U.S.C. § 371 – Conspiracy

Maximum Penalties (Each Count):
a.  5 years imprisonment
b.  $250,000 fine or two times the loss, whichever is greater
c.  2-3 years supervised release
d.  $100 special assessment
e.  Restitution


Count 21:  15 U.S.C. § 1 and 18 U.S.C. § 2 – Collusion and Aiding and Abetting

Maximum Penalties (Each Count):
a.  3 years imprisonment
b.  $350,000 fine or two times the loss, whichever is greater
c.  1 year supervised release
d.  $100 special assessment
e.  Restitution

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

*F I L E D*

*APR -7 PH12: 29*

*RICHARD W. WIEKING*
*CLERK U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

*WBA*

---

### OFFENSE CHARGED

15 U.S.C. § 1 and 18 U.S.C. § 2- Collusion and Aiding and Abetting; 18 U.S.C. §§ 1343 and 2- Wire Fraud and Aiding and Abetting

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:

See attached.

---

### DEFENDANT - U.S.

▶ Earl Nelson

**DISTRICT COURT NUMBER**

**CR 05 00208**

---

### DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

*PENDING*

---

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

} ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed _____
Month/Day/Year

**DATE OF ARREST** ▶ _____
Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ _____

---

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} SHOW DOCKET NO.

} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM    KEVIN V. RYAN
☒ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    Jeff Bornstein

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☒ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
C/O Richard Mazer
99 Divisadero Street
San Francisco, CA 94117

Date/Time: _____

Before Judge: _____

Comments:

## ATTACHMENT

## <u>EARL NELSON</u>



Counts 1, 2, and 9:  18 U.S.C. §§ 1343 and 2 – Wire Fraud and Aiding and Abetting

Maximum Penalties (Each Count):
a.     5 years imprisonment
b.     $250,000 fine or two times the loss, whichever is greater
c.     2-3 years supervised release
d.     $100 special assessment
e.     Restitution


Count 12:  15 U.S.C. § 1, 18 U.S.C. § 2 – Collusion and Aiding and Abetting

Maximum Penalties (Each Count):
a.     3 years imprisonment
b.     $350,000 fine or two times the loss, whichever is greater
c.     1 year supervised release
d.     $100 special assessment
e.     Restitution

1   KEVIN V. RYAN (CASBN 118321)
    United States Attorney
2
    R. HEWITT PATE (DCBN 473598)
3   Assistant Attorney General
    Antitrust Division
4   United States Department of Justice

5

6

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11                                              No.

12  UNITED STATES OF AMERICA,          )
                                       )   VIOLATIONS: 15 U.S.C. § 1 and 18 U.S.C.
13         Plaintiff,                  )   § 2 – Collusion and Aiding and Abetting; 18
           v.                          )   U.S.C. §§ 1343 and 2 – Wire Fraud and
14                                     )   Aiding and Abetting; 18 U.S.C. § 371 –
    VIDEO NETWORK COMMUNICATIONS,      )   Conspiracy
15  INC.,                              )
    HOWE ELECTRIC, INC.,               )
16  SEMA4, INC.,                       )   SAN FRANCISCO VENUE
    DIGITAL CONNECT COMMUNICATIONS,    )
17  INC.,                              )
    EXPEDITION NETWORKS, LTD.,         )
18  ADJ CONSULTANTS, INC.,             )
    JUDY GREEN,                        )
19  ALLAN GREEN,                       )
    GEORGE MARCHELOS,                  )
20  STEVEN NEWTON, and                 )
    EARL NELSON,                       )
21                                     )
           Defendants.                 )
22  _____

23

24                        I N D I C T M E N T

25  The Grand Jury charges:

26                          INTRODUCTION

27      At all times relevant to this Indictment:

28      1. E-Rate was a program created by Congress in the Telecommunication Act of 1996 and


INDICTMENT

1  operated under the auspices of the Federal Communications Commission ("FCC") to provide

2  funding to connect schools and libraries to the Internet. The FCC designated the

3  Universal Services Administrative Company ("USAC"), a non-profit corporation, to administer

4  the E-Rate program. The E-Rate program collected substantial quantities of money monthly

5  from telecommunications customers across the country to fund the program.

6      2. The E-Rate program was designed to ensure that the neediest schools receive the most

7  financial help. All participating school districts were required to fund a percentage of the cost of

8  the equipment and services acquired under the E-Rate program (hereinafter referred to as "co-

9  pay"). The amount of the co-pay was based on the number of students in the district qualifying

10 for the United States Department of Agriculture's school lunch program, with the neediest school

11 districts eligible for the highest percentage of funding. However, even the neediest schools were

12 required to fund at least 10% of the cost of the acquired equipment and services.

13     3. During the relevant period, school district applications for E-Rate funding far exceeded

14 the funding available. USAC had the following rules and procedures to ensure that E-Rate

15 funding was distributed to the widest number of qualifying applicants: (1) only USAC-approved

16 equipment, services, and supplies were eligible for funding; (2) schools could seek funding only

17 for projects for which the schools had budgeted funds for their co-pay amount and for the

18 purchase of the end-user equipment and services necessary to utilize the applied-for equipment

19 and services; (3) service providers or their agents could not participate in the vendor selection

20 process or the completion of forms necessary for the schools to receive E-Rate funding in order

21 to avoid a conflict of interest or even the appearance of a conflict of interest; and (4) school

22 districts were required to follow local and state law competitive bidding procedures to ensure that

23 the school districts received the most cost-effective bids from the responsive bidders.

24                   DEFENDANTS COMMON TO ALL WIRE FRAUD COUNTS

25     4. VIDEO NETWORK COMMUNICATIONS, INC. ("VNCI"), formerly known as

26 Objective Communications, was a Delaware corporation with its principal place of business in

27 Portsmouth, New Hampshire. VNCI manufactured video teleconferencing switches, which it

28 sometimes referred to as PVBX (Private Video Branch Exchange), meaning, a PBX with video

INDICTMENT         2

conferencing capability. VNCI provided equipment and services for projects funded by the FCC's E-Rate program.

5. JUDY GREEN worked as a sales representative for VNCI from 1999 to 2002. JUDY GREEN specialized in marketing VNCI products to educational institutions, including local school districts. JUDY GREEN, while employed at VNCI, also acted as a consultant to school districts in order to assist them in designing computer networks, identifying potential government-sponsored funding sources, such as the FCC's E-Rate program, and applying for these funds.

6. GEORGE MARCHELOS worked as a sales representative for VNCI from 1999 into 2002. MARCHELOS specialized in marketing VNCI products to educational institutions, including school districts. MARCHELOS, while employed at VNCI, and after his VNCI employment, also acted as a consultant to school districts in order to assist them in designing computer networks, identifying potential government-sponsored funding sources, such as the FCC's E-Rate program, and applying for these funds.

## SCHEMES TO DEFRAUD

7. In the Northern District of California and elsewhere, as set forth in Counts One through Eleven and Twenty-Two below, the defendants devised and intended to devise schemes and artifices to defraud the FCC and USAC as to a material matter and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, in relation to various E-Rate projects in school districts around the country.

## PURPOSE OF THE SCHEMES

8. It was a purpose of each scheme to defraud that the defendants would unlawfully enrich themselves through:

      a.    Control of the bidding, application, implementation, and invoicing process at the project, which the defendants intended to be funded by the E-Rate Program;

      b.    The submission of materially false and misleading information to USAC in order to obtain E-Rate program funding for the project;

INDICTMENT                    3

c.     The omission and misrepresentation of information that would have resulted in the denial or significant reduction of E-Rate program funding for the project; and

d.     The concealment of all of the above from the FCC and USAC.

### MANNER AND MEANS OF EXECUTING THE SCHEMES

In each scheme to defraud:

9.  The defendants and others known and unknown to the Grand Jury deceived and intended to deceive the FCC and USAC into believing that the affected school district was applying for funds to pay only for eligible equipment, when, in fact, the defendants had included the costs of ineligible end-user equipment and services ("in-kinds") as part of the costs of the eligible equipment set forth in the school district's funding application for the project.

10.  The defendants and others known and unknown to the Grand Jury deceived and intended to deceive the FCC and USAC into believing that the affected school district budgeted for, possessed, or had the resources available to acquire the end-user equipment necessary to make use of the E-Rate funded equipment, and had budgeted funds to pay the school district's co-pay share.

11.  The defendants and others known and unknown to the Grand Jury created and prepared and intended to create and prepare documents and other written materials containing materially false statements and omissions in order to deceive and mislead the FCC and USAC into believing that the affected school district was applying for funds for only eligible equipment, that the school district had the resources available to purchase the end-user equipment, and that the district could fund its co-pay, as described in paragraphs Nine and Ten above. The defendants caused these materially false and misleading documents to be submitted to USAC in support of the school district's funding application.

COUNT ONE: 18 U.S.C. §§ 1343 and 2 (Wire Fraud and Aiding and Abetting)

### THE WEST FRESNO SCHEME

12.  From in or about November 1998 until in or about June 2001, in the Northern District of California and elsewhere, the defendants

INDICTMENT                                    4

JUDY GREEN,
GEORGE MARCHELOS,
ADJ CONSULTANTS, INC.,
VIDEO NETWORK COMMUNICATIONS, INC.,
HOWE ELECTRIC, INC.,
EARL NELSON, and
STEVEN NEWTON,

and others known and unknown to the Grand Jury, did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud the FCC and USAC as to a material matter and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, related to the E-Rate project for the West Fresno Elementary School District located in Fresno, California (hereinafter in this Count "the district").

## THE DEFENDANTS

13. The defendants in this Count include those described in paragraphs Four through Six, which are realleged as if fully set forth here.

14. HOWE ELECTRIC, INC. ("HOWE") was a California corporation with headquarters in Fresno, California, that supplies electrical and other contracting services for commercial projects in the Fresno, California area. HOWE provided equipment and services for projects funded by the FCC's E-Rate program.

15. ADJ CONSULTANTS, INC. ("ADJ") was a California company, owned by defendant JUDY GREEN and her husband, ALLAN GREEN, that provided consulting services to schools and other entities wishing to participate in the FCC's E-Rate program. ADJ received funds from vendors working at projects funded by the FCC's E-Rate program. JUDY GREEN also worked for ADJ, both before and after her employment at VNCI. JUDY GREEN marketed herself, through ADJ, as experienced in designing and installing computer networks, identifying potential government-sponsored funding sources, such as the FCC's E-Rate program, and applying for these funds.

16. STEVEN NEWTON was a former Vice President at Premio Computers, Inc., a manufacturer and distributor of computers, servers and related equipment. In that position, NEWTON worked with JUDY GREEN to provide computer-related goods and services to be funded by the FCC's E-Rate program.

INDICTMENT                                    5

1     17. EARL NELSON was a former Emeryville, California, branch manager for Inter-Tel

2 Technologies, Inc., which manufactured, sold and installed telecommunications equipment. In

3 that position, NELSON supervised individuals at Inter-Tel who provided equipment and services

4 for projects funded by the FCC's E-Rate program.

5 <div align="center">THE PURPOSE OF THE SCHEME</div>

6     18. Paragraph Eight is realleged as if fully set forth here.

7     19. Another purpose of the scheme to defraud was to unlawfully enrich the defendants

8 through the submission of materially false and misleading invoices to receive payment of E-Rate

9 funds for the project.

10 <div align="center">MANNER AND MEANS OF EXECUTING THE SCHEME</div>

11     20. Paragraphs Nine through Eleven are realleged as if fully set forth here.

12     21. It was further part of the scheme to defraud that the defendants and others known and

13 unknown to the Grand Jury deceived and intended to deceive the FCC and USAC into believing

14 that the district was applying for funds to pay only for eligible equipment when, in truth, the

15 defendants had included the costs of ineligible video equipment and marketing and management

16 fees as part of the costs of the eligible equipment set forth in the district's funding application for

17 the project.

18     22. It was further part of the scheme that the defendants and others known and unknown to

19 the Grand Jury did not seek to collect payment from the district for the district's co-pay. In doing

20 so, the defendants and others intended to deceive the FCC and USAC into believing that the

21 district was paying its co-pay when, as the defendants and others well knew, the entire cost of the

22 project was to be funded by the E-Rate program, contrary to FCC regulations and USAC policy.

23     23. It was further part of the scheme that the defendants and others known and unknown to

24 the Grand Jury caused USAC to be invoiced for the entire cost of the district project. Upon

25 receipt of these invoices, USAC paid the defendants and others money, believing that the

26 invoices were only for USAC's share of the cost of the project when, in truth, they represented

27 the entire cost of the project.

28     24. It was further part of the scheme that the defendants and others known and unknown to

INDICTMENT              6

the Grand Jury submitted to USAC the USAC Forms 474 (Requests for Payment) that falsely stated that equipment or services had been provided or delivered on the district's E-Rate project, when, in truth, the equipment or services had not been provided or delivered. In response to these false Forms 474, USAC sent payments to the defendants and others for the project.

### USE OF INTERSTATE WIRE FACILITIES IN FURTHERANCE OF THE SCHEME

25. On or about June 19, 2000, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice to defraud, the defendants knowingly transmitted and caused to be transmitted by wire communication in interstate commerce the following writing: a June 19, 2000 e-mail from MARCHELOS in Saratoga, California, through Phoenix, Arizona to an Inter-tel employee in Salt Lake City, Utah, containing false responses to USAC's inquiry about the district's E-Rate project PBXs.

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT TWO: 18 U.S.C. §§ 1343 and 2 (Wire Fraud and Aiding and Abetting)

### THE HIGHLAND PARK SCHEME

26. From in or about November 1998 until in or about June 2001, in the Northern District of California and elsewhere, the defendants

JUDY GREEN,
GEORGE MARCHELOS,
ADJ CONSULTANTS, INC.,
VIDEO NETWORK COMMUNICATIONS, INC.,
EARL NELSON, and
STEVEN NEWTON,

and others known and unknown to the Grand Jury, did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud the FCC and USAC as to a material matter and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, related to the E-Rate project for the Highland Park School District located in Highland Park, Michigan (hereinafter in this Count "the district").

### THE DEFENDANTS

27. The defendants in this Count are described in paragraphs Four through Six and Fifteen through Seventeen, which are realleged as if fully set forth here.

INDICTMENT                    7

## THE PURPOSE OF THE SCHEME

28. The purposes set forth in Paragraph Eight and Nineteen are realleged as if fully set forth here.

## MANNER AND MEANS OF EXECUTING THE SCHEME

29. The manner and means set forth in Paragraphs Nine through Eleven and Twenty-One through Twenty-Four are realleged as if fully set forth here.

## USE OF INTERSTATE WIRE FACILITIES IN FURTHERANCE OF THE SCHEME

30. On or about May 31, 2000, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice to defraud, the defendants knowingly transmitted and caused to be transmitted by wire communication in interstate commerce the following writing: a May 31, 2000 telephonic facsimile from an Inter-tel employee in Emeryville, California, to a VNCI employee in Portsmouth, New Hampshire, concerning ineligible equipment and forgiveness of co-pay amounts.

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT THREE: 18 U.S.C. §§ 1343 and 2 (Wire Fraud and Aiding and Abetting)

## THE COVERT SCHEME

31. From in or about November 1999 until in or about June 2001, in the Northern District of California and elsewhere, the defendants

JUDY GREEN,
GEORGE MARCHELOS, and
VIDEO NETWORK COMMUNICATIONS, INC.,

and others known and unknown to the Grand Jury, did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud the FCC and USAC as to a material matter and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, related to the E-Rate project for the Covert Public School District located in Covert, Michigan (hereinafter in this Count "the district").

## THE DEFENDANTS

32. The defendants in this Count are described in paragraphs Four through Six, which are realleged as if fully set forth here.

INDICTMENT                              8

1

## THE PURPOSE OF THE SCHEME

2      33. Paragraphs Eight and Nineteen are realleged as if fully set forth here.

3

## MANNER AND MEANS OF EXECUTING THE SCHEME

4      34. Paragraphs Nine through Eleven and Twenty-One through Twenty-Four are realleged as

5   if fully set forth here.

6

## USE OF INTERSTATE WIRE FACILITIES IN FURTHERANCE OF THE SCHEME

7      35. On or about June 18, 2000, in the Northern District of California and elsewhere, for the

8   purpose of executing the scheme and artifice to defraud, the defendants knowingly transmitted

9   and caused to be transmitted by wire communication in interstate commerce the following

10  writing: a June 18, 2000 e-mail from JUDY GREEN in Long Beach, California, to two NEC-

11  BNS employees in Irving, Texas, and an NEC-BNS employee in San Ramon, California,

12  concerning creating contracts with false dates.

13     All in violation of Title 18, United States Code, Sections 1343 and 2.

14  COUNT FOUR: 18 U.S.C. §§ 1343 and 2 (Wire Fraud and Aiding and Abetting)

15

## THE LEE COUNTY SCHEME

16     36. From in or about November 1999 until in or about June 2001, in the Northern District of

17  California and elsewhere, the defendants

18
                        JUDY GREEN,
                   GEORGE MARCHELOS, and
19          VIDEO NETWORK COMMUNICATIONS, INC.,

20  and others known and unknown to the Grand Jury, did knowingly and intentionally devise and

21  intend to devise a scheme and artifice to defraud the FCC and USAC as to a material matter and

22  to obtain money and property by means of materially false and fraudulent pretenses,

23  representations and promises, related to the E-Rate project for the Lee County School District

24  Number 1 headquartered in Marianna, Arkansas (hereinafter in this Count "the district").

25

## THE DEFENDANTS

26     37. The defendants in this Count are described in paragraphs Four through Six, which are

27  realleged as if fully set forth here.

28  //

INDICTMENT                              9

1    THE PURPOSE OF THE SCHEME

2    38. Paragraphs Eight and Nineteen are realleged as if fully set forth here.

3    MANNER AND MEANS OF EXECUTING THE SCHEME

4    39. Paragraphs Nine through Eleven and Twenty-One through Twenty-Four are realleged as

5    if fully set forth here.

6    USE OF INTERSTATE WIRE FACILITIES IN FURTHERANCE OF THE SCHEME

7    40. On or about February 26, 2001, in the Northern District of California and elsewhere, for

8    the purpose of executing the scheme and artifice to defraud, the defendants knowingly

9    transmitted and caused to be transmitted by wire communication in interstate commerce the

10   following writing: a February 26, 2001 e-mail from a NEC-BNS employee in Irving, Texas, to a

11   Lee County School District employee in Marianna, Arkansas, and to a NEC-BNS employee in

12   San Ramon, California, concerning reducing the scope of the district's E-Rate project to pay for

13   in-kinds.

14   All in violation of Title 18, United States Code, Sections 1343 and 2.

15   COUNT FIVE: 18 U.S.C. §§ 1343 and 2 (Wire Fraud and Aiding and Abetting)

16   THE JASPER COUNTY SCHEME

17   41. From in or about November 1999 until in or about June 2001, in the Northern District of

18   California and elsewhere, the defendants

19                          JUDY GREEN,
                     GEORGE MARCHELOS, and
20           VIDEO NETWORK COMMUNICATIONS, INC.,

21   and others known and unknown to the Grand Jury, did knowingly and intentionally devise and

22   intend to devise a scheme and artifice to defraud the FCC and USAC as to a material matter and

23   to obtain money and property by means of materially false and fraudulent pretenses,

24   representations and promises, related to the E-Rate project for the Jasper County School District

25   headquartered in Ridgeland, South Carolina (hereinafter in this Count "the district").

26   THE DEFENDANTS

27   42. The defendants in this Count are described in paragraphs Four through Six, which are

28   realleged as if fully set forth here.

INDICTMENT                          10

1

## THE PURPOSE OF THE SCHEME

2    43. Paragraphs Eight and Nineteen are realleged as if fully set forth here.

3    ## MANNER AND MEANS OF EXECUTING THE SCHEME

4    44. Paragraphs Nine through Eleven and Twenty-One through Twenty-Four are realleged as

5    if fully set forth here.

6    ## USE OF INTERSTATE WIRE FACILITIES IN FURTHERANCE OF THE SCHEME

7    45. On or about August 17, 2000, in the Northern District of California and elsewhere, for

8    the purpose of executing the scheme and artifice to defraud, the defendants knowingly

9    transmitted and caused to be transmitted by wire communication in interstate commerce the

10   following writing: an August 17, 2000 e-mail from MARCHELOS in Saratoga, California, to a

11   Jasper County School District employee in Ridgeland, South Carolina, concerning false

12   responses to USAC's inquiry about bidding.

13   All in violation of Title 18, United States Code, Sections 1343 and 2.

14   COUNT SIX: 18 U.S.C. §§ 1343 and 2 (Wire Fraud and Aiding and Abetting)

15   ## THE ECORSE SCHEME

16   46. From in or about November 1999 until in or about June 2001, in the Northern District of

17   California and elsewhere, the defendants

18                       JUDY GREEN,
                  GEORGE MARCHELOS, and
19            VIDEO NETWORK COMMUNICATIONS, INC.,

20   and others known and unknown to the Grand Jury, did knowingly and intentionally devise and

21   intend to devise a scheme and artifice to defraud the FCC and USAC as to a material matter and

22   to obtain money and property by means of materially false and fraudulent pretenses,

23   representations and promises, related to the E-Rate project for the Ecorse Public School located

24   in Ecorse, Michigan (hereinafter in this Count "the district").

25   ## THE DEFENDANTS

26   47. The defendants in this Count are described in paragraphs Four through Six, which are

27   realleged as if fully set forth here.

28   //

INDICTMENT                          11

1

THE PURPOSE OF THE SCHEME

2    48. Paragraphs Eight and Nineteen are realleged as if fully set forth here.

3    MANNER AND MEANS OF EXECUTING THE SCHEME

4    49. Paragraphs Nine through Eleven and Twenty-One through Twenty-Four are realleged as

5    if fully set forth here.

6    USE OF INTERSTATE WIRE FACILITIES IN FURTHERANCE OF THE SCHEME

7    50. On or about May 29, 2001, in the Northern District of California and elsewhere, for the

8    purpose of executing the scheme and artifice to defraud, the defendants knowingly transmitted

9    and caused to be transmitted by wire communication in interstate commerce the following

10   writing: a May 29, 2001 e-mail from an NEC-BNS employee in Cleveland, Ohio, to a NEC-BNS

11   employee in San Ramon, California, concerning reducing the scope of the district's project to pay

12   for in-kinds.

13   All in violation of Title 18, United States Code, Sections 1343 and 2.

14   COUNT SEVEN: 18 U.S.C. §§ 1343 and 2 (Wire Fraud and Aiding and Abetting)

15   THE CERIA TRAVIS SCHEME

16   51. From in or about November 1999 until in or about June 2001, in the Northern District of

17   California and elsewhere, the defendants

18                          JUDY GREEN,
                       GEORGE MARCHELOS, and
19              VIDEO NETWORK COMMUNICATIONS, INC.,

20   and others known and unknown to the Grand Jury, did knowingly and intentionally devise and

21   intend to devise a scheme and artifice to defraud the FCC and USAC as to a material matter and

22   to obtain money and property by means of materially false and fraudulent pretenses,

23   representations and promises, related to the E-Rate project for the Ceria Travis Academy located

24   in Milwaukee, Wisconsin (hereinafter in this Count "the district").

25   THE DEFENDANTS

26   52. The defendants in this Count are described in paragraphs Four through Six, which are

27   realleged as if fully set forth here.

28   //

INDICTMENT                              12

1   THE PURPOSE OF THE SCHEME

2   53. Paragraphs Eight and Nineteen are realleged as if fully set forth here.

3   MANNER AND MEANS OF EXECUTING THE SCHEME

4   54. Paragraphs Nine through Eleven and Twenty-One through Twenty-Four are realleged as

5   if fully set forth here.

6   USE OF INTERSTATE WIRE FACILITIES IN FURTHERANCE OF THE SCHEME

7   55. On or about November 8, 2000, in the Northern District of California and elsewhere, for

8   the purpose of executing the scheme and artifice to defraud, the defendants knowingly

9   transmitted and caused to be transmitted by wire communication in interstate commerce the

10  following writing: a November 8, 2000 e-mail from a VNCI employee in Portsmouth, New

11  Hampshire, to a NEC-BNS employee in Irving, Texas, and to MARCHELOS in Saratoga,

12  California, concerning sending a quote for video equipment.

13  All in violation of Title 18, United States Code, Sections 1343 and 2.

14  COUNT EIGHT: 18 U.S.C. §§ 1343 and 2 (Wire Fraud and Aiding and Abetting)

15  THE MUSKEGON HEIGHTS SCHEME

16  56. From in or about November 1999 until in or about June 2000, in the Northern District of

17  California and elsewhere, the defendants

18                      JUDY GREEN,
                GEORGE MARCHELOS, and
19          VIDEO NETWORK COMMUNICATIONS, INC.,

20  and others known and unknown to the Grand Jury, did knowingly and intentionally devise and

21  intend to devise a scheme and artifice to defraud the FCC and USAC as to a material matter and

22  to obtain money and property by means of materially false and fraudulent pretenses,

23  representations and promises, related to the E-Rate project for the Muskegon Heights School

24  District located in Muskegon Heights, Michigan (hereinafter in this Count "the district").

25  THE DEFENDANTS

26  57. The defendants in this Count are described in paragraphs Four through Six, which are

27  realleged as if fully set forth here.

28  //

INDICTMENT                    13

THE PURPOSE OF THE SCHEME

58. Paragraph Eight is realleged as if fully set forth here.

MANNER AND MEANS OF EXECUTING THE SCHEME

59. Paragraphs Nine through Eleven and Twenty-One are realleged as if fully set forth here.

USE OF INTERSTATE WIRE FACILITIES IN FURTHERANCE OF THE SCHEME

60. On or about May 30, 2000, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice to defraud, the defendants knowingly transmitted and caused to be transmitted by wire communication in interstate commerce the following writing: a May 30, 2000 e-mail from MARCHELOS in Saratoga, California, to a Muskegon Heights School District employee in Muskegon Heights, Michigan, containing instructions for submitting false responses to USAC.

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT NINE: 18 U.S.C. §§ 1343 and 2 (Wire Fraud and Aiding and Abetting)

THE SAN FRANCISCO SCHEME

61. From in or about November 1999 until in or about June 2001, in the Northern District of California and elsewhere, the defendants

JUDY GREEN,
GEORGE MARCHELOS,
VIDEO NETWORK COMMUNICATIONS, INC., and
EARL NELSON,

and others known and unknown to the Grand Jury, did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud the FCC and USAC as to a material matter and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, related to the E-Rate project for the San Francisco Unified School District (hereinafter in this Count "the district").

THE DEFENDANTS

62. The defendants in this Count are described in paragraphs Four through Six and Seventeen, which are realleged as if fully set forth here.

//

INDICTMENT                          14

THE PURPOSE OF THE SCHEME

63. Paragraph Eight is realleged as if fully set forth here.

MANNER AND MEANS OF EXECUTING THE SCHEME

64. Paragraphs Nine through Eleven and Twenty-One are realleged as if fully set forth here.

USE OF INTERSTATE WIRE FACILITIES IN FURTHERANCE OF THE SCHEME

65. On or about August 21, 2000, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice to defraud, the defendants knowingly transmitted and caused to be transmitted by wire communication in interstate commerce the following writing: an August 21, 2000 telephonic facsimile from a San Francisco Unified School District employee in San Francisco, California, to a USAC employee in Whippany, New Jersey, containing false bid summaries.

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT TEN: 18 U.S.C. §§ 1343 and 2 (Wire Fraud and Aiding and Abetting)

THE W.E.B. DUBOIS SCHEME

66. From in or about November 1999 until in or about June 2001, in the Northern District of California and elsewhere, the defendants

JUDY GREEN,
GEORGE MARCHELOS,
VIDEO NETWORK COMMUNICATIONS, INC., and
HOWE ELECTRIC, INC.,

and others known and unknown to the Grand Jury, did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud the FCC and USAC as to a material matter and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, related to the E-Rate project for the W.E.B. DuBois Charter School located in Fresno, California (hereinafter in this Count "the district").

THE DEFENDANTS

67. The defendants in this Count are described in paragraphs Four through Six and Fourteen, which are realleged as if fully set forth here.

//

INDICTMENT                               15

1

## THE PURPOSE OF THE SCHEME

2    68. Paragraphs Eight and Nineteen are realleged as if fully set forth here.

3

## MANNER AND MEANS OF EXECUTING THE SCHEME

4    69. Paragraphs Nine through Eleven and Twenty-One through Twenty-Four are realleged as

5    if fully set forth here.

6

## USE OF INTERSTATE WIRE FACILITIES IN FURTHERANCE OF THE SCHEME

7    70. On or about June 28, 2000, in the Northern District of California and elsewhere, for the

8    purpose of executing the scheme and artifice to defraud, the defendants knowingly transmitted

9    and caused to be transmitted by wire communication in interstate commerce the following

10   writing: a June 28, 2000 e-mail from JUDY GREEN in Long Beach, California, to an Inter-tel

11   employee in Emeryville, California, and to MARCHELOS in Saratoga, California, concerning

12   creating false PBX parts schedules.

13   All in violation of Title 18, United States Code, Sections 1343 and 2.

14   COUNT ELEVEN: 18 U.S.C. §§ 1343 and 2 (Wire Fraud and Aiding and Abetting)

15

## THE LUTHER BURBANK SCHEME

16   71. From in or about November 2000 until in or about November 2003, in the Northern

17   District of California and elsewhere, the defendants

18                              JUDY GREEN,
                           GEORGE MARCHELOS,
19                          ADJ CONSULTANTS, INC.,
                     VIDEO NETWORK COMMUNICATIONS, INC.,
20                           SEMA4, INC., and
                             STEVEN NEWTON,
21

22   and others known and unknown to the Grand Jury, did knowingly and intentionally devise and

23   intend to devise a scheme and artifice to defraud the FCC and USAC as to a material matter and

24   to obtain money and property by means of materially false and fraudulent pretenses,

25   representations and promises, related to the E-Rate project for the Luther Burbank School

26   District located in San Jose, California (hereinafter in this Count "the district").

27

## THE DEFENDANTS

28   72. The defendants in this Count include those described in paragraphs Four through Six and

INDICTMENT                        16

1  Fifteen, which are realleged as if fully set forth here.

2  73.  SEMA4, INC. ("SEMA4"), a California company headquartered in Capistrano Beach,

3  California, was a systems integrator of computer and communications equipment.  SEMA4

4  provided equipment and services for a project funded by the FCC's E-Rate program.

5  74.  STEVEN NEWTON was a former Vice President at Premio Computers, Inc., and had an

6  ownership interest in, and was the principal manager of, SEMA4.  In those positions, NEWTON

7  worked with JUDY GREEN to provide computer-related goods and services for projects funded

8  by the FCC's E-Rate program.

9  <center>THE PURPOSE OF THE SCHEME</center>

10  75.  Paragraphs Eight and Nineteen are realleged as if fully set forth here.

11  <center>MANNER AND MEANS OF EXECUTING THE SCHEME</center>

12  76.  Paragraphs Nine through Eleven and Twenty-Two through Twenty-Four are realleged as

13  if fully set forth here.

14  <center>USE OF INTERSTATE WIRE FACILITIES IN FURTHERANCE OF THE SCHEME</center>

15  77.  On or about May 25, 2001, in the Northern District of California and elsewhere, for the

16  purpose of executing the scheme and artifice to defraud, the defendants knowingly transmitted

17  and caused to be transmitted by wire communication in interstate commerce the following

18  writing: a May 25, 2001 telephonic facsimile from a Luther Burbank School District employee in

19  San Jose, California, to USAC in Whippany, New Jersey, requesting changing the service

20  provider to SEMA4.

21  All in violation of Title 18, United States Code, Sections 1343 and 2.

22  COUNT TWELVE: 15 U.S.C. § 1, 18 U.S.C. § 2 (Collusion and Aiding and Abetting)

23  <center>THE WEST FRESNO CONSPIRACY</center>

24  78.  From in or about November 1998 until in or about June 2001, the defendants

25
26
27  <center>JUDY GREEN,
GEORGE MARCHELOS,
EARL NELSON,
ADJ CONSULTANTS, INC.,
VIDEO NETWORK COMMUNICATIONS, INC., and
HOWE ELECTRIC, INC.,</center>

28

INDICTMENT                    17

1  and others known and unknown to the Grand Jury, entered into and engaged in a combination

2  and conspiracy to suppress and restrain competition for an E-Rate project at the West Fresno

3  Elementary School District in Fresno, California ("the project"), in unreasonable restraint of

4  interstate trade and commerce, in violation of the Sherman Act, Title 15, United States Code,

5  Section 1.

6      79. The charged combination and conspiracy consisted of a continuing agreement,

7  understanding, and concert of action among the defendants and co-conspirators, the substantial

8  terms of which were:

9          a.    to allocate among the defendants and co-conspirators the project;

10          b.    to submit collusive, noncompetitive, and rigged bids for the

11              project; and

12          c.    to provide equipment and services for the project and receive

13              payment from USAC as a result of the allocation and collusive

14              bidding.

15      80. The defendants

16
                        JUDY GREEN,
17                 GEORGE MARCHELOS,
           ADJ CONSULTANTS, INC., and
18     VIDEO NETWORK COMMUNICATIONS, INC.,

19  aided, abetted, counseled, commanded, induced and procured the combination and

20  conspiracy charged in this Count and willfully caused others to perform acts and make

21  statements in furtherance of the charged combination and conspiracy, in violation of Title

22  18, United States Code, Section 2.

23                  MEANS AND METHODS OF THE CONSPIRACY

24      81. For the purpose of forming and carrying out the charged combination and conspiracy, the

25  defendants and co-conspirators did the following things, among others:

26          a.    discussed prospective bids for the project;

27          b.    agreed who would be the lead contractor on the project and who

28              would participate on the project as subcontractors to the designated

INDICTMENT               18

1          lead contractor;

2          c.     submitted fraudulent and non-competitive bids in accordance with

3                 the conspiratorial agreement; and

4          d.     engaged defendants JUDY GREEN and MARCHELOS, who did

5                 the following:

6                 i.     took steps to ensure the success of the conspiracy by

7                        eliminating and disqualifying bids from non-conspirators

8                        and either directly awarding the contracts or using their best

9                        efforts to persuade the school district officials to award

10                       contracts to the designated lead contractor; and

11                ii.    successively caused to be awarded the project to the

12                       defendants and co-conspirators. In return, some of the

13                       defendants and co-conspirators agreed to pay and paid

14                       defendants JUDY GREEN and MARCHELOS's employer,

15                       defendant VNCI, a fee and agreed to purchase and

16                       purchased and installed defendant VNCI's equipment on

17                       the project.

18                      DEFENDANTS AND CO-CONSPIRATORS

19         82. Paragraphs Four through Six, Fourteen, Fifteen and Seventeen are realleged as if fully set

20  forth here.

21         83. Various individuals and corporations, not made defendants in this Indictment,

22  participated as co-conspirators in the charged combination and conspiracy and performed acts

23  and made statements in furtherance of it.

24         84. Whenever this Indictment refers to any act, deed, or transaction of any corporation, it

25  means that the corporation engaged in the act, deed, or transaction by or through its officers,

26  directors, employees, agents, or other representatives while they were actively engaged in the

27  management, direction, control, or transaction of its business or affairs.

28  //

INDICTMENT                          19

1

### TRADE AND COMMERCE

2    85. During the period covered by this Count, bid proposals, USAC forms, and supporting
3    documents were transmitted across state lines in connection with the application for E-Rate
4    funding for the supply of substantial quantities of video and other telecommunication equipment
5    and services at the project. In addition, substantial quantities of video and other
6    telecommunication equipment, and services, and payments for those goods and services, traveled
7    in a continuous and uninterrupted flow of interstate trade and commerce, in connection with the
8    conspiracy charged in this Count.

9    86. During the period covered by this Count, the activities of the defendants and co-
10   conspirators that are the subject of this Count were within the flow of, and substantially affected,
11   interstate trade and commerce.

12

### JURISDICTION AND VENUE

13   87. The aforesaid combination and conspiracy was carried out, in part, within the Northern
14   District of California and within the five years preceding the return of this Indictment.

15   All in violation of Title 15, United States Code, Section 1, and Title 18, United States Code,
16   Section 2.

17   COUNT THIRTEEN: 15 U.S.C. § 1, 18 U.S.C. § 2 (Collusion and Aiding and Abetting)

18

### THE HIGHLAND PARK CONSPIRACY

19   88. Paragraphs Four through Six, Fifteen, Eighty-Three and Eighty-Four are realleged as if
20   fully set forth here.

21   89. From in or about November 1998 until in or about July 2001, the defendants

22                          JUDY GREEN,
                         GEORGE MARCHELOS,
23                      ADJ CONSULTANTS, INC., and
                  VIDEO NETWORK COMMUNICATIONS, INC.,
24

25   and others known and unknown to the Grand Jury, entered into and engaged in a combination
26   and conspiracy to suppress and restrain competition for an E-Rate project at the Highland Park
27   School District in Highland Park, Michigan ("the project"), in unreasonable restraint of interstate
28   trade and commerce, in violation of the Sherman Act, Title 15, United States Code, Section 1.

INDICTMENT                                20

90. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendants and co-conspirators, the substantial terms of which were:

      a.    to allocate among the defendants and co-conspirators the project;

      b.    to submit collusive, noncompetitive, and rigged bids for the project; and

      c.    to provide equipment and services for the project and receive payment from USAC as a result of the allocation and collusive bidding.

91. The defendants aided, abetted, counseled, commanded, induced, and procured the combination and conspiracy charged in this Count and willfully caused others to perform acts and make statements in furtherance of the charged combination and conspiracy, in violation of Title 18, United States Code, Section 2.

92. Paragraphs Eighty-One and Eighty-Five through Eighty-Seven are realleged as if fully set forth here.

All in violation of Title 15, United States Code, Section 1, and Title 18, United States Code, Section 2.

COUNT FOURTEEN: 15 U.S.C. § 1, 18 U.S.C. § 2 (Collusion and Aiding and Abetting)

<div align="center">THE COVERT CONSPIRACY</div>

93. Paragraphs Four through Six and Eighty-Three and Eighty-Four are realleged as if fully set forth here.

94. From in or about November 1999 until in or about July 2001, the defendants

<div align="center">JUDY GREEN,<br>GEORGE MARCHELOS, and<br>VIDEO NETWORK COMMUNICATIONS, INC.,</div>

and others known and unknown to the Grand Jury, entered into and engaged in a combination and conspiracy to suppress and restrain competition for an E-Rate project at the Covert Public School District in Covert, Michigan ("the project"), in unreasonable restraint of interstate trade and commerce, in violation of the Sherman Act, Title 15, United States Code, Section 1.

INDICTMENT                   21

95. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendants and co-conspirators, the substantial terms of which were:

      a.    to allocate among the defendants and co-conspirators the project;

      b.    to submit collusive, noncompetitive, and rigged bids for the project; and

      c.    to provide equipment and services for the project and receive payment from USAC as a result of the allocation and collusive bidding.

96. The defendants aided, abetted, counseled, commanded, induced and procured the combination and conspiracy charged in this Count and willfully caused others to perform acts and make statements in furtherance of the charged combination and conspiracy, in violation of Title 18, United States Code, Section 2.

97. Paragraphs Eighty-One and Eighty-Five through Eighty-Seven are realleged as if fully set forth here.

All in violation of Title 15, United States Code, Section 1, and Title 18, United States Code, Section 2.

COUNT FIFTEEN: 15 U.S.C. § 1, 18 U.S.C. § 2 (Collusion and Aiding and Abetting)

<div align="center">THE LEE COUNTY CONSPIRACY</div>

98. Paragraphs Four through Six and Eighty-Three and Eighty-Four are realleged as if fully set forth here.

99. From in or about November 1999 until in or about July 2001, the defendants

<div align="center">JUDY GREEN,<br>GEORGE MARCHELOS, and<br>VIDEO NETWORK COMMUNICATIONS, INC.,</div>

and others known and unknown to the Grand Jury, entered into and engaged in a combination and conspiracy to suppress and restrain competition for an E-Rate project at the Lee County School District Number 1 in Marianna, Arkansas ("the project"), in unreasonable restraint of interstate trade and commerce, in violation of the Sherman Act, Title 15, United States Code,

INDICTMENT              22

1   Section 1.

2   100. The charged combination and conspiracy consisted of a continuing agreement,

3   understanding, and concert of action among the defendants and co-conspirators, the substantial

4   terms of which were:

5        a.   to allocate among the defendants and co-conspirators the project;

6        b.   to submit collusive, noncompetitive, and rigged bids for the

7             project; and

8        c.   to provide equipment and services for the project and receive

9             payment from USAC as a result of the allocation and collusive

10            bidding.

11  101. The defendants aided, abetted, counseled, commanded, induced, and procured

12  the combination and conspiracy charged in this Count and willfully caused others to

13  perform acts and make statements in furtherance of the charged combination and

14  conspiracy, in violation of Title 18, United States Code, Section 2.

15  102. Paragraphs Eighty-One and Eighty-Five through Eighty-Seven are realleged as

16  if fully set forth here.

17  All in violation of Title 15, United States Code, Section 1, and Title 18, United States Code,

18  Section 2.

19  COUNT SIXTEEN: 15 U.S.C. § 1, 18 U.S.C. § 2 (Collusion and Aiding and Abetting)

20  THE JASPER COUNTY CONSPIRACY

21  103. Paragraphs Four through Six, Eighty-Three, and Eighty-Four are realleged as if fully set

22  forth here.

23  104. From in or about November 1999 until in or about July 2001, the defendants

24  JUDY GREEN,
    GEORGE MARCHELOS, and
25  VIDEO NETWORK COMMUNICATIONS, INC.,

26  and others known and unknown to the Grand Jury, entered into and engaged in a combination

27  and conspiracy to suppress and restrain competition for an E-Rate project at the Jasper County

28  School District in Ridgeland, South Carolina ("the project"), in unreasonable restraint of

INDICTMENT                          23

1  interstate trade and commerce, in violation of the Sherman Act, Title 15, United States Code,

2  Section 1.

3     105. The charged combination and conspiracy consisted of a continuing agreement,

4  understanding, and concert of action among the defendants and co-conspirators, the substantial

5  terms of which were:

6     a.     to allocate among the defendants and co-conspirators the project;

7     b.     to submit collusive, noncompetitive, and rigged bids for the

8            project; and

9     c.     to provide equipment and services for the project and receive

10           payment from USAC as a result of the allocation and collusive

11           bidding.

12    106. The defendants aided, abetted, counseled, commanded, induced and procured

13 the combination and conspiracy charged in this Count and willfully caused others to

14 perform acts and make statements in furtherance of the charged combination and

15 conspiracy, in violation of Title 18, United States Code, Section 2.

16    107. Paragraphs Eighty-One and Eighty-Five through Eighty-Seven are realleged as

17 if fully set forth here.

18    All in violation of Title 15, United States Code, Section 1, and Title 18, United States Code,

19 Section 2.

20 COUNT SEVENTEEN: 15 U.S.C. § 1, 18 U.S.C. § 2 (Collusion and Aiding and Abetting)

21                          THE ECORSE CONSPIRACY

22    108. Paragraphs Four through Six, Eighty-Three, and Eighty-Four are realleged as if fully set

23 forth here.

24    109. From in or about November 1999 until in or about July 2001, the defendants

25                              JUDY GREEN,
                            GEORGE MARCHELOS, and
26                       VIDEO NETWORK COMMUNICATIONS, INC.,

27 and others known and unknown to the Grand Jury entered into and engaged in a combination and

28 conspiracy to suppress and restrain competition for an E-Rate project at the Ecorse Public School

INDICTMENT                          24

1   in Ecorse, Michigan ("the project"), in unreasonable restraint of interstate trade and commerce, in

2   violation of the Sherman Act, Title 15, United States Code, Section 1.

3      110. The charged combination and conspiracy consisted of a continuing agreement,

4   understanding, and concert of action among the defendants and co-conspirators, the substantial

5   terms of which were:

6          a.    to allocate among the defendants and co-conspirators the project;

7          b.    to submit collusive, noncompetitive, and rigged bids for the

8               project; and

9          c.    to provide equipment and services for the project and receive

10               payment from USAC as a result of the allocation and collusive

11               bidding.

12      111. The defendants aided, abetted, counseled, commanded, induced and procured

13   the combination and conspiracy charged in this Count and willfully caused others to

14   perform acts and make statements in furtherance of the charged combination and

15   conspiracy, in violation of Title 18, United States Code, Section 2.

16      112. Paragraphs Eighty-One and Eighty-Five through Eighty-Seven are realleged as

17   if fully set forth here.

18      All in violation of Title 15, United States Code, Section 1, and Title 18, United States Code,

19   Section 2.

20   <u>COUNT EIGHTEEN</u>: 15 U.S.C. § 1, 18 U.S.C. § 2 (Collusion and Aiding and Abetting)

21                            <u>THE CERIA TRAVIS CONSPIRACY</u>

22      113. Paragraphs Four through Six, Eighty-Three, and Eighty-Four are realleged as if fully set

23   forth here.

24      114. From in or about November 1999 until in or about July 2001, the defendants

25                        JUDY GREEN,
GEORGE MARCHELOS, and

26            VIDEO NETWORK COMMUNICATIONS, INC.,

27   and others known and unknown to the Grand Jury, entered into and engaged in a combination

28   and conspiracy to suppress and restrain competition for an E-Rate project at the Ceria Travis

INDICTMENT                 25

1 Academy in Milwaukee, Wisconsin ("the project"), in unreasonable restraint of interstate trade

2 and commerce, in violation of the Sherman Act, Title 15, United States Code, Section 1.

3 115. The charged combination and conspiracy consisted of a continuing agreement,

4 understanding, and concert of action among the defendants and co-conspirators, the substantial

5 terms of which were:

6         a.      to allocate among the defendants and co-conspirators the project;

7         b.      to submit collusive, noncompetitive, and rigged bids for the

8                 project; and

9         c.      to provide equipment and services for the project and receive

10                 payment from USAC as a result of the allocation and collusive

11                 bidding.

12 116. The defendants aided, abetted, counseled, commanded, induced and procured

13 the combination and conspiracy charged in this Count and willfully caused others to

14 perform acts and make statements in furtherance of the charged combination and

15 conspiracy, in violation of Title 18, United States Code, Section 2.

16 117. Paragraphs Eighty-One and Eighty-Five through Eighty-Seven are realleged as

17 if fully set forth here.

18 All in violation of Title 15, United States Code, Section 1, and Title 18, United States Code,

19 Section 2.

20 COUNT NINETEEN: 15 U.S.C. § 1, 18 U.S.C. § 2 (Collusion and Aiding and Abetting)

21 <div align="center">THE MUSKEGON HEIGHTS CONSPIRACY</div>

22 118. Paragraphs Four through Six, Eighty-Three, and Eighty-Four are realleged as if fully set

23 forth here.

24 119. From in or about November 1999 until in or about June 2000, the defendants

25 <div align="center">JUDY GREEN,</div>
<div align="center">GEORGE MARCHELOS, and</div>
26 <div align="center">VIDEO NETWORK COMMUNICATIONS, INC.,</div>

27 and others known and unknown to the Grand Jury, entered into and engaged in a combination

28 and conspiracy to suppress and restrain competition for an E-Rate project at the Muskegon

INDICTMENT                     26

1  Heights School District in Muskegon Heights, Michigan ("the project"), in unreasonable restraint
2  of interstate trade and commerce, in violation of the Sherman Act, Title 15, United States Code,
3  Section 1.

4      120. The charged combination and conspiracy consisted of a continuing agreement,
5  understanding, and concert of action among the defendants and co-conspirators, the substantial
6  terms of which were:

7          a.    to allocate among the defendants and co-conspirators the project;
8          b.    to submit collusive, noncompetitive, and rigged bids for the
9                project; and
10         c.    to provide equipment and services for the project and receive
11               payment from USAC as a result of the allocation and collusive
12               bidding.

13     121. The defendants aided, abetted, counseled, commanded, induced and procured
14 the combination and conspiracy charged in this Count and willfully caused others to
15 perform acts and make statements in furtherance of the charged combination and
16 conspiracy, in violation of Title 18, United States Code, Section 2.

17     122. Paragraphs Eighty-One and Eighty-Seven are realleged as if fully set forth here,
18 with the exception that Paragraph Eighty-One (d)(ii) is not realleged.

19 <div align="center">TRADE AND COMMERCE</div>

20     123. Bid proposals, USAC forms, and supporting documents submitted as part of the
21 Muskegon Heights School District's E-Rate application for the funding of the supply of
22 substantial quantities of video and other telecommunication equipment and services were
23 transmitted from locations outside of Michigan to locations in Michigan, from Michigan
24 to locations outside of Michigan, and from locations in California to locations outside of
25 California. Moreover, the conspirators anticipated that defendant VNCI would
26 manufacture and ship substantial quantities of video and other telecommunication
27 equipment from its facilities in New Hampshire to Michigan, in a continuous and
28 uninterrupted flow of interstate commerce, in connection with the conspiracy charged in

INDICTMENT          27

1   this Count. Furthermore, the conspirators anticipated that they would receive substantial

2   funds transmitted in interstate commerce from the E-Rate Program for equipment and

3   services provided for the project. The E-Rate program receives substantial funds

4   transmitted in interstate commerce from telecommunication carriers which collect such

5   funds monthly from their customers, located throughout the United States.

6        124. In addition, defendant VNCI's general business activities included

7   manufacturing and purchasing videoconferencing equipment components, as well as

8   shipping videoconferencing equipment from its facilities in New Hampshire to locations

9   in other states, thereby substantially affecting interstate commerce.

10       125. The activities of the defendants that are the subject of this Indictment were

11  within the flow of, and substantially affected, interstate trade and commerce.

12       All in violation of Title 15, United States Code, Section 1, and Title 18, United States Code,

13  Section 2.

14  COUNT TWENTY: 15 U.S.C. § 1, 18 U.S.C. § 2 (Collusion and Aiding and Abetting)

15                        THE W.E.B. DUBOIS CONSPIRACY

16       126. Paragraphs Four through Six, Fourteen, Eighty-Three and Eighty-Four are realleged as

17  if fully set forth here.

18       127. From in or about November 1999 until in or about July 2001, the defendants

19                              JUDY GREEN,
                            GEORGE MARCHELOS,
20              VIDEO NETWORK COMMUNICATIONS, INC., and
                            HOWE ELECTRIC, INC.,
21

22  and others known and unknown to the Grand Jury, entered into and engaged in a combination

23  and conspiracy to suppress and restrain competition for an E-Rate project at the W.E.B. DuBois

24  Charter School in Fresno, California ("the project"), in unreasonable restraint of interstate trade

25  and commerce, in violation of the Sherman Act, Title 15, United States Code, Section 1.

26       128. The charged combination and conspiracy consisted of a continuing agreement,

27  understanding, and concert of action among the defendants and co-conspirators, the substantial

28  terms of which were:

INDICTMENT                              28

1          a.      to allocate among the defendants and co-conspirators the project;

2          b.      to submit collusive, noncompetitive, and rigged bids for the

3                  project; and

4          c.      to provide equipment and services for the project and receive

5                  payment from USAC as a result of the allocation and collusive

6                  bidding.

7      129. The defendants

8                              JUDY GREEN,
                          GEORGE MARCHELOS, and
9                  VIDEO NETWORK COMMUNICATIONS, INC.,

10     aided, abetted, counseled, commanded, induced, and procured the combination and

11     conspiracy charged in this Count and willfully caused others to perform acts and make

12     statements in furtherance of the charged combination and conspiracy, in violation of Title

13     18, United States Code, Section 2.

14     130.  Paragraphs Eighty-One and Eighty-Five through Eighty-Seven are realleged as

15     if fully set forth here, with the exception that Paragraph Eighty-One (d)(ii) is not

16     realleged.

17     All in violation of Title 15, United States Code, Section 1, and Title 18, United States Code,

18     Section 2.

19     COUNT TWENTY-ONE: 15 U.S.C. § 1, 18 U.S.C. § 2 (Collusion and Aiding and Abetting)

20                  THE 2003-2004 PROJECTS CONSPIRACY (Collusion)

21     131.  Paragraph Fifteen, Eighty-Three and Eighty-Four are realleged as if fully set forth here.

22     132.  JUDY GREEN worked for ADJ.  She marketed herself to school districts and others,

23     through ADJ, as experienced in designing and installing computer networks, identifying potential

24     government-sponsored funding sources, such as the FCC's E-Rate program, and applying for

25     these funds.

26     133.  DIGITAL CONNECT COMMUNICATIONS, INC. ("DIGITAL CONNECT") was a

27     California company, headquartered in Capistrano Beach, California, that was established in 2002

28     to provide telecommunication and Internet access equipment and services to schools participating

INDICTMENT                          29

1  in the FCC's E-Rate program.

2  134. STEVEN NEWTON was a former Vice President at Premio Computers, Inc., and had

3  an ownership interest in, and was the principal manager of, DIGITAL CONNECT.  In those

4  positions, NEWTON worked with JUDY GREEN to provide computer-related goods and

5  services for projects funded by the FCC's E-Rate program.

6  135. EXPEDITION NETWORKS, LTD. ("EXPEDITION") was a California company,

7  headquartered in North Hills, California, that designed and installed computer integrated systems

8  and sought to provide telecommunication and Internet access equipment and services to schools

9  participating in the FCC's E-Rate program in 2003.

10  136. ALLAN GREEN worked for ADJ.  JUDY and ALLAN GREEN marketed themselves,

11  through ADJ, as experienced in designing and installing computer networks, identifying potential

12  government-sponsored funding sources, such as the FCC's E-Rate program, and applying for

13  these funds.

14  137. Beginning as early as October 2002 and lasting through at least January 2004, the exact

15  dates being unknown to the Grand Jury, the defendants

16  
17  
18  
<div align="center">

JUDY GREEN,
ALLAN GREEN,
ADJ CONSULTANTS, INC.,
STEVEN NEWTON,
EXPEDITION NETWORKS, and
DIGITAL CONNECT,
</div>

19  
20  and others known and unknown to the Grand Jury, entered into and engaged in a combination

21  and conspiracy to suppress and restrain competition for fifteen 2003-2004 E-Rate projects ("the

22  2003-2004 projects"), in unreasonable restraint of interstate trade and commerce, in violation of

23  the Sherman Act, Title 15, United States Code, Section 1.  The 2003-2004 projects were located

24  at the following school districts:

25  
26  
27  
28  
<div align="center">

Luther Burbank School District – San Jose, CA
Temple City Unified School District – Temple City, CA
Philadelphia Charter Academy School – Philadelphia, PA
Yeshiva of Far Rockaway – Far Rockaway, NY
Barnwell County School District – Blackville, SC
Salkehatchie Consortium – Allendale, SC
Altheimer Unified School District – Altheimer, AR
Arkansas River Educational Services Cooperative – Pine Bluff, AR
</div>

INDICTMENT                               30

1   Crossett Public School District – Crossett, AR
    Dollarway Public School District – Pine Bluff, AR
2   Humphrey Public School District – Humphrey, AR
    Lakeview School District – Helena, AR
3   Lee County School District – Marianna, AR
    Poyen Public School District – Poyen, AR
4   Townsend Park Elementary School – Pine Bluff, AR;

5   138. The defendants

6                           JUDY GREEN,
                          ALLAN GREEN, and
7                       ADJ CONSULTANTS, INC.,

8   aided, abetted, counseled, commanded, induced, and procured the combination and conspiracy

9   charged in this Count and willfully caused others to perform acts and make

10  statements in furtherance of the charged combination and conspiracy, in violation of Title 18,

11  United States Code, Section 2.

12      139. The charged combination and conspiracy consisted of a continuing agreement,

13  understanding, and concert of action among the defendants and co-conspirators, the substantial

14  terms of which were:

15          a.      to allocate among the defendants and co-conspirators the 2003-

16                  2004 projects;

17          b.      to submit collusive, noncompetitive, and rigged bids for the 2003-

18                  2004 projects; and

19          c.      to provide equipment and services for the 2003-2004 projects and

20                  receive payment from USAC as a result of the allocation and

21                  collusive bidding.

22                  MEANS AND METHODS OF THE CONSPIRACY

23      140. For the purpose of forming and carrying out the charged combination and conspiracy,

24  the defendants and co-conspirators did the following things, among others:

25          a.      discussed prospective bids for the 2003-2004 projects;

26          b.      agreed who would be the low bidder on some projects;

27          c.      agreed who would be the low bidder on particular portions of some

28                  projects;

INDICTMENT                          31

1           d.      submitted fraudulent and non-competitive bids in accordance with

2                 the conspiratorial agreement; and

3           e.      engaged defendant JUDY GREEN to obtain for the defendants the

4                 award of the 2003-2004 projects. In return, the defendants agreed

5                 to pay fees to defendants JUDY GREEN and/or ADJ.

6  <div align="center">TRADE AND COMMERCE</div>

7      141. Bid proposals, USAC forms, and supporting documents submitted as part of the

8  applications for the funding of the supply of substantial quantities of video and other

9  telecommunication equipment and services at the 2003-2004 projects were transmitted

10  from locations in California to locations outside of California. Moreover, defendants DIGITAL

11  CONNECT and EXPEDITION anticipated that they would ship substantial quantities of servers,

12  routers, switches, and PBXs from California in a continuous and uninterrupted flow of interstate

13  trade and commerce to school districts located in various other states, in connection with the

14  conspiracy charged in this Count. Ultimately, USAC did not provide any E-Rate funding on the

15  2003-2004 projects because of the suspected collusion of the defendants, and thus the school

16  districts involved were denied a substantial quantity of E-Rate services and equipment that would

17  have traveled in a continuous and uninterrupted flow of interstate commerce. In addition, as a

18  result of the conspiracy, non-colluding vendors were denied the opportunity to supply substantial

19  quantities of E-Rate services and equipment on the 2003-2004 projects in a continuous and

20  uninterrupted flow of interstate commerce. Furthermore, the conspirators anticipated that they

21  would receive substantial funds transmitted in interstate commerce from the E-Rate Program for

22  equipment and services provided for the project. The E-Rate program receives substantial funds

23  transmitted in interstate commerce from telecommunication carriers which collect such funds

24  monthly from their customers, located throughout the United States.

25      142. During the relevant period, the activities of the defendants and co-conspirators that are

26  the subject of this Count were within the flow of, and substantially affected, interstate trade and

27  commerce.

28  //

INDICTMENT                 32

1 JURISDICTION AND VENUE

2 143. The aforesaid combination and conspiracy was carried out, in part, within the Northern

3 District of California, and within the five years preceding the return of this Indictment.

4 All in violation of Title 15, United States Code, Section 1, and Title 18, United States Code,

5 Section 2.

6 COUNT TWENTY-TWO: 18 U.S.C. § 371 (Conspiracy to Commit Wire and Mail Fraud)

7 THE 2003-2004 PROJECTS CONSPIRACY TO DEFRAUD

8 144. Paragraphs Fifteen and 132 through 136 are realleged as if fully set forth here.

9 145. GEORGE MARCHELOS worked as an independent consultant to school districts in

10 order to assist them in designing computer networks, identifying potential government-sponsored

11 funding sources, such as the FCC's E-Rate program, and applying for these funds.

12 146. From in or about October 2002 until at least January 2004, the exact dates being

13 unknown to the Grand Jury, in the Northern District of California and elsewhere, the defendants

14 JUDY GREEN,
ALLAN GREEN,
15 GEORGE MARCHELOS,
STEVEN NEWTON,
16 ADJ CONSULTANTS, INC.,
DIGITAL CONNECT, and
17 EXPEDITION NETWORKS,

18 and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to

19 commit offenses against the United States, namely, mail fraud in violation of Title 18, United

20 States Code, Section 1341, and wire fraud in violation of Title 18, United States Code, Section

21 1343.

22 147. It was a part of the conspiracy that the defendants and co-conspirators, having devised

23 and intending to devise a scheme and artifice to defraud the FCC and USAC as to a material

24 matter and to obtain money and property by means of materially false and fraudulent pretenses,

25 representations, and promises, in relation to the 2003-2004 projects identified in Paragraph

26 149(a) below, for the purpose of executing such scheme and artifice, knowingly would and did

27 place in post offices and authorized depositories for mail matter, matters and things to be sent

28 and delivered by the Postal Service, and deposit and cause to be deposited matters and things to

INDICTMENT 33

1 | be sent and delivered by private and commercial interstate carriers, and take and receive
2 | therefrom, such matters and things, and knowingly cause such matters and things to be delivered
3 | by mail and such carriers according to the direction thereon, and at the place at which they were
4 | directed to be delivered by the persons to whom they were addressed, in violation of Title 18,
5 | United States Code, Section 1341.

6 | 148. It was a part of the conspiracy that the defendants and co-conspirators, having devised
7 | and intending to devise a scheme and artifice to defraud the FCC and USAC as to a material
8 | matter and to obtain money and property by means of materially false and fraudulent pretenses,
9 | representations, and promises, in relation to the 2003-2004 projects identified in Paragraph
10 | 149(a) below, for the purpose of executing such scheme and artifice, knowingly would and did
11 | transmit or cause to be transmitted by means of wire communications in interstate commerce,
12 | certain writings, signs, signals or sounds, in violation of Title 18, United States Code, Section
13 | 1343.

14 | <div align="center">MEANS AND METHODS OF THE CONSPIRACY</div>

15 | 149. The defendants and co-conspirators used the following means and methods, among
16 | others, to accomplish the conspiracy:

17 |     a.    The defendants and co-conspirators controlled the bidding, application,
18 | implementation and invoicing process of the E-Rate projects located at the
19 | school districts listed below ("the 2003-2004 projects"):

20 | Luther Burbank School District – San Jose, CA
21 | Temple City Unified School District – Temple City, CA
Philadelphia Charter Academy School – Philadelphia, PA
22 | Yeshiva of Far Rockaway – Far Rockaway, NY
Barnwell County School District – Blackville, SC
23 | Salkehatchie Consortium – Allendale, SC
Altheimer Unified School District – Altheimer, AR
24 | Arkansas River Educational Services Cooperative – Pine Bluff, AR
Crossett Public School District – Crossett, AR
25 | Dollarway Public School District – Pine Bluff, AR
Humphrey Public School District – Humphrey, AR
26 | Lakeview School District – Helena, AR
Lee County School District – Marianna, AR
27 | Poyen Public School District – Poyen, AR
Townsend Park Elementary School – Pine Bluff, AR

28 |     b.    The defendants and co-conspirators submitted materially false and

INDICTMENT 34

misleading information to USAC in order to obtain from USAC a

commitment to provide E-Rate program funding for those projects;

c.     The defendants and co-conspirators omitted and misrepresented material

information that would have resulted in the denial or significant reduction

of E-Rate program funding for those projects;

d.     The defendants and co-conspirators concealed all of the above from the

FCC and USAC;

e.     The defendants and co-conspirators deceived the FCC and USAC into

believing that the schools involved in the 2003-2004 projects were

applying for funds to pay for only eligible equipment, when, in truth, the

defendants and co-conspirators had included the costs of ineligible end-

user equipment and services and costs of marketing and management fees

as part of the costs of the eligible equipment set forth in the funding

applications for those projects;

f.     The defendants and co-conspirators prepared and submitted to USAC

Form 471 applications for funding for schools involved in the 2003-2004

projects. On those Forms 471, contrary to USAC rules, the defendants and

co-conspirators inserted equipment and service amounts that were

different than the bid amounts submitted by the defendants awarded those

2003-2004 projects;

g.     Contrary to USAC rules, the defendants and co-conspirators planned not

to seek payment from the schools involved in the 2003-2004 projects for

their co-pay. The defendants and co-conspirators created sham

"foundations" and submitted false information and documentation to the

FCC and USAC in an attempt to mislead them into believing that the

foundations had funding resources and had donated, or were going to

donate, to the 2003-2004 project schools funding sufficient to cover the

schools' co-pay. In truth, the foundations had no such funding resources,

INDICTMENT               35

and the defendants planned to use USAC funding to cover 100% of the cost of the 2003-2004 projects; and

h.   The defendants and co-conspirators, in response to FCC and USAC inquiries to the 2003-2004 project schools regarding their ability to pay for end-user equipment and services necessary to utilize the applied-for equipment and services, submitted false documentation to USAC representing that the schools had secured access to such resources.

## OVERT ACTS

150.  In furtherance of the conspiracy and to effect the objects of the conspiracy, the defendants and co-conspirators committed the following overt acts, among others, in the Northern District of California and elsewhere:

a.   On or about January 13, 2003, an employee of defendant EXPEDITION caused to be delivered through United Parcel Service a funding year 2003-2004 bid proposal to the Luther Burbank School District in San Jose, California.

b.   On or about January 4, 2003, defendants JUDY GREEN, ALLAN GREEN, STEVEN NEWTON, and employees of defendants EXPEDITION and DIGITAL CONNECT met at the offices of defendant ADJ. At this meeting, they discussed prices for equipment and services that were then included in bid proposals for the 2003-2004 projects.

c.   On or about April 29, 2003, defendant JUDY GREEN sent a telephonic facsimile from California to USAC in New Jersey that contained false financial information about a sham foundation, including that the foundation had over $22 million in assets in 2001 when, in truth, the foundation did not have any such assets.

d.   On or about October 31, 2003, defendant MARCHELOS sent via United Parcel Service, an interstate carrier, from San Jose, California, an appeal letter to USAC on behalf of Luther Burbank that falsely represented that

INDICTMENT

1    the district had budgeted funds to pay its portion of its proposed 2003-

2    2004 project's cost.

3    e.    On or about April 22, 2003, a Luther Burbank employee sent a telephonic

4         facsimile from San Jose, California, to a USAC employee in Whippany,

5         New Jersey, confirming that Luther Burbank had received USAC's request

6         for information about Luther Burbank's funding resources for its co-pay

7         and end-user equipment.

8    //

9    //

10   //

11   //

12   //

13   //

14   //

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

INDICTMENT                                    37

All in violation of Title 18, United States Code, Section 371.

DATED: 4-7-2005

A TRUE BILL

_R. HEWITT PATE_
R. HEWITT PATE
Assistant Attorney General

_Jann Coleman_
FOREPERSON

_Kevin V. Ryan/elc_
KEVIN V. RYAN
United States Attorney

_SDH_
SCOTT D. HAMMOND
Deputy Assistant Attorney General

_Eumi L. Choi_
EUMI L. CHOI
Chief, Criminal Division

_Marc Siegel_
MARC SIEGEL
Director of Criminal Enforcement

Approved as to form:

_Michael F. Wood_
MICHAEL F. WOOD
Trial Attorney
Antitrust Division

_Jeffrey L. Bornstein_
JEFFREY L. BORNSTEIN
Assistant United States Attorney

INDICTMENT                    38